**No. 58498.**—Trans-Oceanic Fisheries, Inc. *v.* United States, protest 214242–K (New York).

WILSON, Judge: Certain merchandise invoiced as "Selected Wrapped Finnan Haddocks" was classified by the collector under the provisions of paragraph 720 (a) (5) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for "smoked * * * haddock * * * skinned, boned * * *" at the rate of 1½ cents per pound. The plaintiff claims the merchandise properly dutiable under the provisions of subsection (a) (4) of said paragraph, as modified, *supra*, providing that "haddock * * * Whole, or beheaded or eviscerated or both, but not further advanced (except that the vertebral column may be removed)," shall be assessed at the rate of 1 cent per pound.

The plaintiff introduced in evidence a sample fish, stated by plaintiff's witness to be the same in all material respects as the imported fish (plaintiff's illustrative exhibit 2, R. 7). An examination of the sample in question discloses, and it was conceded by counsel for the defendant, that it was both beheaded and eviscerated (R. 3). The vertebral column in said fish, however, has not been removed (R. 4). The record further discloses that the fish under consideration have not been skinned.

The issue in this case was stated by counsel for the plaintiff as follows:

* * * The question in controversy is whether the bone is part of the vertebrae column or part of the head, and in beheading, in removing the nape bone, whether

or not that is the same process as the beheading of the spinal column; that is our contention; that it is not further advanced; that it isn't further advancement of the fish. (R. 2.)

Although time was granted to both plaintiff and defendant within which to file briefs, none was submitted by either party to this controversy. Neither side apparently deemed it expedient to refer to authorities to aid the court in its determination. Our conclusions in this case must, therefore, be based upon the record as it stood at the time of submission.

The sole witness in the case, called on behalf of the plaintiff, was the manager and secretary of the plaintiff firm who had had personal charge of the importation here under consideration. When questioned as to what, if anything further, had been done to plaintiff's illustrative exhibit 2 besides beheading and eviscerating, he testified as follows:

WITNESS: On the only thing further—the only further thing done is when they remove the head, they cut off a little part of the nape; they don't take off the whole nape; instead of taking a knife and cutting around the gill—I have a sample here which I will show you, they just take a knife and cut it across with one slice or two slices and take the head off.

CHIEF JUDGE OLIVER: Is that part of the beheading process?

WITNESS: That is part of the beheading process.

    \*    \*    \*    \*    \*    \*    \*

Q. This nape bone, is that a bone that connects the head to the vertebrae column?—A. It is part of it in the opinion of some people, it is part of the head or in the opinion of some people it is part of the vertebrae—it all depends who. (R. 8–9.)

Plaintiff further introduced in evidence a sample haddock (plaintiff's illustrative exhibit 3, R. 10), without the nape bone removed, to illustrate the difference between it and plaintiff's illustrative exhibit 2, wherein the nape bone was removed. With respect to the nape portion at the top of plaintiff's illustrative exhibit 3, plaintiff's witness testified:

It is some kind of a structure; whether it is bone or not, I don't know. It is some sort of cartilage—some call it bone and some call it muscle. \* \* \* I call it cartilage.

In the opinion of the witness, this nape portion of the fish was "not a bone." (R. 11.)

The testimony of plaintiff's witness to the effect that the "nape bone," here in controversy, is a part of the head of the fish was subsequently qualified by him on cross-examination. In testifying as to the removal of the nape bone from the imported fish, he stated:

A. They removed that part of the nape structure which isn't exactly a part of the head; in some opinions it is part of the head, and in some opinions it is part of the body. (R. 13–14.)

In customs litigation, the importer has the twofold burden of proving not only that the classification made by the collector of customs was erroneous but must also show affirmatively that his own claim is correct. *United States* v. *Gardel Industries*, 33 C. C. P. A. (Customs) 118, C. A. D. 325. Accordingly, it was incumbent upon the plaintiff in this case not only to establish that the fish under consideration were not "boned," as classified by the collector, but also to establish that the involved merchandise *was not further advanced* than beheading or eviscerating, with the exception that the vertebral column may be removed.

The question of what constitutes a "boned" fish has been previously before this and our appellate court. In *Woodward & Son* v. *United States*, 6 Ct. Cust. Appls. 372, T. D. 35918, the merchandise consisted of salmon, from which the larger part of the backbone alone had been removed, leaving the side bones and

other bones in the fish. In holding that the fish were not dutiable as "boned" fish within the meaning of paragraph 216 of the Tariff Act of 1913, the court, after citing certain dictionary definitions, respecting the term "boned," at page 375, stated:

These definitions as well as the common ordinary significance of the term as it occurs to the mind would require that in order that anything may be "boned" it should be *substantially* boned. [Italics ours.]

Whether or not there has been a boning of the involved fish or whether they have been "substantially" boned to satisfy the rule laid down by the Court of Customs Appeals in the *Woodward* case, *supra*, is, in our opinion, here unnecessary to decide. Suffice to say that the plaintiff, on its part, has failed to show that this merchandise has not been further advanced than "beheading," a burden imposed upon it under the statute. Plaintiff's testimony is not conclusive, or even persuasive, in establishing that the "nape bone" is a part of either the head of the fish or a part of the vertebral column. The real import of the evidence is to the effect that the portion of the nape which was removed was neither a part of the head nor a part of the vertebral column, but was a *part of the body* of the fish. Quite clearly plaintiff failed to establish the proposition set forth by its counsel at the opening of the case, i. e., that the nape portion of the fish which was removed was part of the head. The contention, therefore, that the removal of a portion of the fish not constituting a part of either the head or the spinal column would not preclude the involved merchandise from being classified under the provisions of paragraph 720 (a) (4) for "haddock, * * *, Whole, or beheaded or eviscerated or both, but not further advanced (except that the vertebral column may be removed)," is untenable. The following dictionary definitions support the conclusion that the so-called nape bone is not a part of either the head of a fish or a part of its vertebral column:

[Funk & Wagnalls New Standard Dictionary, 1942 edition, page 1649]:

**nape, * * * 2.** The back of a fish next the head.

[Page 2646]:

**vertebral, * * * 2. v. column,** the spinal column.

Inasmuch as it has not been established that the removal of this nape structure from the fish did not constitute an advancement of the merchandise, plaintiff cannot prevail in its claim.

On the record presented, and for the reasons heretofore stated, the protest is overruled. Judgment will be rendered accordingly.